KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (Bar # 111536)
GIA L. CINCONE (Bar # 141668)
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: ggilchrist@kilpatricktownsend.com, gcincone@kilpatricktownsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

Lynda J. Zadra-Symes (SBN 156511)
lynda.zadrasymes@knobbe.com
Jeffrey L. Van Hoosear (SBN 147751)
jeff.vanhoosear@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant
MACHINE JEANS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO.,<br><br>            Plaintiff,<br><br>            v.<br><br>MACHINE JEANS, INC.,<br><br>            Defendant. | Case No. 4:14-cv-04194 SI<br><br>**STIPULATION TO FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff Levi Strauss & Co. and Defendant Machine Jeans, Inc. hereby stipulate to the facts and conclusions contained in the attached Final Judgment and Permanent Injunction, and consent to its entry by the Court.

1 | DATED:  November 19, 2014        Respectfully submitted,

2 |             KILPATRICK TOWNSEND & STOCKTON LLP

3 |             By: /s/ Gia Cincone
4 |                Gia Cincone
               Attorneys for Plaintiff
               LEVI STRAUSS & CO.

6 | DATED:  November 19, 2014        KNOBBE, MARTENS, OLSON & BEAR, LLP

7 |             By: /s/ Jeffrey L. Van Hoosear
               Jeffrey L. Van Hoosear
               Attorneys for Defendant
               MACHINE JEANS, INC.

**ATTESTATION CLAUSE REGARDING SIGNATURES**

Pursuant to Local Rule No. 5-1(i)(3) regarding signatures, I attest under penalty of perjury that I have on file permission to sign for counsel indicated by a "conformed" signature within this e-filed document.

                   */s/Gia L. Cincone*
                    Gia L. Cincone

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEVI STRAUSS & CO.,

        Plaintiff,

        v.

MACHINE JEANS, INC.,

        Defendant.

Case No. 4:14-cv-04194 SI

**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION**

    Plaintiff Levi Strauss & Co. ("LS&Co.") has filed a Complaint alleging trademark infringement, dilution, and unfair competition under federal and California law against defendant Machine Jeans, Inc. ("Machine Jeans"). LS&Co. alleges that Machine Jeans has manufactured, distributed, promoted, and sold denim jeans under the brand name MACHINE JEANS that violate LS&Co.'s rights in its federally registered Arcuate Stitching Design and Tab trademarks.

    The Court now enters final judgment based upon the following undisputed facts. Each party has waived the right to appeal from this final judgment and each party will bear its own fees and costs in connection with this action.

**I.    FACTS AND CONCLUSIONS**

    A.    This Court has subject matter jurisdiction over this lawsuit and personal jurisdiction over Machine Jeans. Venue is proper in this Court.

    B.    LS&Co. owns the following trademarks, which are registered as indicated below. These trademarks are referred to collectively as the "LS&Co. Trademarks."

        1.    The Arcuate Stitching Design Trademark. LS&Co. owns, among others, the following United States and California registrations for its Arcuate trademark as used on jeans and other casual apparel:

            a.    U.S. Registration No. 1,139,254 (first used as early as 1873; registered September 2, 1980);

b.   U.S. Registration No. 404,248 (first used as early as 1873; registered November 16, 1943);

c.   U.S. Registration No. 2,794,649 (first used as early as 1873; registered December 16, 2003);

d.   California Registration No. 088399 (first used as early as 1873; registered August 24, 1988).

2.   The Tab Device Trademark.  LS&Co. owns, among others, the following United States registrations for its Tab trademark as used on jeans and other casual apparel:

a.   Registration No. 356,701 (first used as early as September 1, 1936; registered May 10, 1938);

b.   Registration No. 516,561 (first used as early as September 1, 1936; registered October 18, 1949);

c.   Registration No. 577,490 (first used as early as September 1, 1936; registered July 21, 1953);

d.   Registration No. 774,625 (first used as early as May 22, 1963; registered August 4, 1964);

e.   Registration No. 775,412 (first used as early as October 9, 1957; registered August 18, 1964);

f.   Registration No. 1,157,769 (first used as early as September 1, 1936; registered June 16, 1961).

C.   Machine Jeans has manufactured, distributed, promoted, and sold jeans under the brand name MACHINE JEANS that display the stitching designs illustrated in Exhibit A (the "Machine Designs") and the pocket tab illustrated in Exhibit B (the "Machine Tab").

## II.   PERMANENT INJUNCTION

It is hereby ordered and adjudged as follows:

A.   Machine Jeans shall pay the sum of $10,000.00 to LS&Co. within 15 (fifteen) days of entry of this Judgment. Payment shall be made by wire transfer to the following account:

      Bank of America, N.A.
      Swift Code:  BOFAUS3N
      Beneficiary Name Levi Strauss & Co.
      Beneficiary Account Number 1233502255
      Routing Number 026009593

  B.  Commencing as of the "So Ordered" date of this Final Judgment and Permanent Injunction, Machine Jeans, its principals, agents, employees, officers, directors, servants, privies, parents, subsidiaries, successors, and assigns, and all persons acting in concert or participating with it or under its control who receive actual notice of this Order, are hereby permanently enjoined and restrained, anywhere in the world, directly or indirectly, from doing, authorizing or procuring any persons to do any of the following:

    1.  Manufacturing, licensing, selling, offering for sale, distributing, importing, exporting, advertising, promoting, or displaying any garment that displays any of the Machine Designs or the Machine Tab, or any other design that is substantially similar to the LS&Co. Trademarks or to any of the Machine Designs or the Machine Tab;

    2.  Using or filing applications, now or in the future, for the registration of any of the Machine Designs or the Machine Tab, or any other trademarks, designs, or other intellectual property that is substantially similar to the LS&Co. Trademarks or to any of the Machine Designs or the Machine Tab; and

    3.  Assisting, aiding or abetting any person or entity engaging in or performing any act prohibited by this paragraph.

  C.  If Machine Jeans is found to be in contempt of this injunction by a court of law, it agrees that it will pay $10,000.00 to LS&Co. as a liquidated penalty to compensate for attorneys' fees in this proceeding and in enforcement proceedings, plus any other non-duplicative penalties or damages arising from the contempt.

  D.  This Court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the construction or modification of this Judgment, the enforcement thereof, and/or the punishment for any violations thereof.  If LS&Co. commences an action for enforcement of this Judgment, the prevailing party shall be awarded reasonable attorneys' fees and costs from the other party.

1     IT IS SO ORDERED.

2

3  DATED:  11/20/14                _/s/ Susan Illston_

4                                     Hon. Susan Illston
                                      United States District Judge

FINAL JUDGMENT                        - 6 -                      *Levi Strauss & Co. v. Machine Jeans, Inc.*
AND PERMANENT INJUNCTION                                                   Case No. 4:14-cv-04194 SI

# Exhibit A





Exhibit A-1





Exhibit A-2



Exhibit A-3





Exhibit A-4





Exhibit A-5





Exhibit A-6

# Exhibit B





Exhibit B